| DISTRICT COURT OF THE VIRGIN ISLANDS |
|:---:|
| DIVISION OF ST. CROIX |

UNITED STATES OF AMERICA

      **v.**

STEVEN BUYCO TAPARAN,

          **Defendant.**

_____

**1:24-cr-00007-WAL-EAH**

**TO:**   **Rhonda Williams-Henry, Esq., AUSA**
        **Kye Walker, Esq.**

## ORDER

**THIS MATTER** comes before the Court on the "Motion to Allow Counsel to Appear Virtually for July 21, 2025 Change of Plea Hearing," filed on July 16, 2025 by Kye Walker, Esq., attorney for Defendant Steven Taparan. Dkt. No. 73. For the following reasons, the Court will deny the motion.

Attorney Walker requests permission to attend her client's change of plea hearing remotely. *Id.* She states that she has already filed an Unopposed Motion to allow Mr. Taparan to appear virtually due to his medical issues. *Id.* In fact, no such motion has been filed.[1] Attorney Walker did file several proposed sealed documents, and the Court granted permission for Mr. Taparan to file the documents under seal, *see* Dkt. Nos. 76, 77, but those documents have not yet been properly filed and there is no pending motion to permit Mr. Taparan to attend the hearing virtually.

---

[1] Attorney Walker did file a document captioned "Unopposed Motion for Defendant, Steve Taparan to Appear Virtually." Dkt. No. 72. However, the Court denied that motion as moot because it was entered on the docket as a motion for leave to file documents under seal and appeared to have been inadvertently filed. *See* Dkt. No. 75.

Attorney Walker provides no authority that suggests that change of plea hearings may be conducted remotely. Rule 43 of the Federal Rules of Criminal Procedure provides that a "defendant must be present at" a plea hearing. Fed. R. Crim. P. 43(a). The Rule does not specify whether the defendant's presence must be in-person, or whether an appearance via videoconference is sufficient to satisfy the requirements of the law. Nevertheless, "[a]lthough the Third Circuit has not addressed the issue, the word 'present' as used in Rule 43 has been universally construed by other circuit courts to 'mean physical presence.'" *United States v. El Bahnasawy*, No. 4:21-cr-00234, 2025 WL 1019074, at *2 (M.D. Pa. Apr. 4, 2025) (internal brackets removed) (quoting *United States v. Lawrence*, 248 F.3d 300, 303 (4th Cir. 2001)); *see also United States v. Bethea*, 888 F.3d 864, 867 (7th Cir. 2018) ("the plain language of Rule 43 requires all parties to be present for a defendant's plea and that a defendant cannot consent to a plea via videoconference."); *United States v. Williams*, 641 F.3d 758, 764 (6th Cir. 2011) ("The text of Rule 43 does not allow video conferencing" and the "structure of the Rule does not support it."). [2]

---

[2] During the height of the COVID-19 pandemic, Congress passed the Coronavirus Aid. Relief, and Economic Security Act ("CARES Act"), which provided statutory authority for a defendant to appear for a change of plea hearing via videoconference in certain circumstances. CARES Act, H.R. §§ 15002 *et seq.*; *see also United States v. Navarrete*, 88 F.4th 672, 674 (7th Cir. 2023) (finding *Bethea*, 888 F.3d at 867, inapplicable where CARES Act authorized remote appearances). In the District of the Virgin Islands, authorization to conduct change of plea hearings via videoconference pursuant to the CARES Act lapsed on June 29, 2023. *See* Forty-Sixth Order Concerning Operations of The District Court of the Virgin Islands Video and Teleconferences for Criminal Proceedings, *In re District Court Operations During the COVID-19 Outbreak*, No. 2020-mc-0001 (D.V.I. Mar. 31, 2023) (extending authorization to conduct pleas by videoconference for 90 days from date of Order, absent extension). Therefore, as was the case prior to the pandemic, there is once again no statutory authority permitting a court to conduct a change of plea hearing remotely.

Rule 43(b)(2) explicitly permits a defendant to appear via videoconference for critical stages of a misdemeanor offense. Fed. R. Crim. P. 43(b)(2). The Rules also permit a felony defendant to attend their initial appearance or arraignment virtually. *See* Fed. R. Crim. P. 5(g) ("Video teleconferencing may be used to conduct an [initial] appearance under this rule if the defendant consents") and Fed. R. Crim. P. 10(c) ("Video teleconferencing may be used to arraign a defendant if the defendant consents."). That the Rules expressly provide for videoconferencing in some cases, but not in the case of a change of plea hearing "strongly suggests that the drafters of Rule 43 may have considered an exception" to permit videoconferencing at change of plea hearings but chose not to adopt such a rule. *Lawrence*, 248 F.3d at 304. This has led courts to hold that "the plain language of the Rule 43 requires *all parties* to be present for a defendant's plea and that a defendant cannot consent to a plea via videoconference." *Bethea*, 888 F.3d at 867 (emphasis added) (holding that a violation of Rule 43's in-person requirement is a *per se* error). The phrase "all parties" necessarily includes the defendant's attorney.

Courts have found that Rule 43(a) provides no flexibility for a defendant to appear for a change of plea hearing remotely, even if the defendant is suffering from "medical ailments." *See id.* at 866 n.5 (collecting cases); *United States v. Chandler*, No. 1:19-cr-126, 2023 WL 3296160 (W.D.N.C. May 5, 2023) (denying request to conduct Rule 11 proceedings remotely where defendant suffered from serious, incurable illness because the Rules require defendant's physical presence); *United States v. Melgoza*, 248 F. Supp. 2d 691, 692-93 (S.D. Ohio 2003) (where defendant's serious illness was not permanent, Court could not permit defendant to appear for change of plea remotely given Rule 43's requirements). This Court

agrees with every other court to confront the issue that Rule 43(a) requires a defendant to be present in-person at the proceedings specifically enumerated by the Rule.

Indeed, the requirement that a defendant and his attorney be present in-person during a change of plea hearing is sensible given the unique nature of change of plea proceedings, during which the Court must ascertain whether the defendant understands the nature and consequences of pleading guilty to a felony. "Being physically present in the same room with another has certain intangible and difficult to articulate effects that are wholly absent when communicating by video conference." *Williams*, 641 F.3d at 764-65. One such benefit of being in-person is the defendant's ability to consult with his attorney if he harbors any confusion about his plea agreement or the consequences pleading guilty.

In sum, defense counsel's physical presence, alongside their client, is required during change of plea proceedings. Therefore, the Court will deny Attorney Walker's motion.[3] Accordingly, it is now hereby **ORDERED** that the "Motion to Allow Counsel to Appear Virtually for July 21, 2025 Change of Plea Hearing", Dkt. No. 73, is **DENIED.**

ENTER:

Dated: July 18, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

---

[3] The Court also notes that "all nondispositive motions shall contain a representation that the movant sought concurrence in the motion from each party, and that it has been either given or denied." LRCi 7.1(f) as made applicable by LRCr 1.2. The instant motion states opposing counsel "does/does not" oppose this motion, with "dose/dose" highlighted. Dkt. No. 73. It is not clear whether this is supposed to indicate opposing counsel's consent to the motion, but the Court finds that it would be proper to deny the motion for violating Rule 7.1(f).